UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14192-ROSENBERG/LYNCH

DONNA JANE WATTS,

    Plaintiff,

v.

CITY OF PORT ST. LUCIE, FLORIDA, *et al.*,

    Defendants.

_____/

## ORDER DENYING DEFENDANT CITY OF PORT ST. LUCIE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**THIS CAUSE** comes before the Court on Defendant City of Port St. Lucie's Motion to Dismiss Plaintiff's First Amended Complaint [DE 24]. The Court has reviewed the Motion, Plaintiff's response, *see* DE 28, and Defendant's reply, *see* DE 29, and is otherwise fully advised in the premises. For the reasons set forth below, the City of Port St. Lucie's Motion [DE 24] is **DENIED**.

### I.    BACKGROUND[1]

Plaintiff Donna Watts is a trooper with the Florida Highway Patrol. DE 1 at ¶ 3. On October 11, 2011, Plaintiff pulled over an off-duty City of Miami police officer and cited him for reckless driving. DE 1 at ¶ 10. Law enforcement officers and officials were angered by this, and as a result she was threatened and harassed. DE 1 at ¶¶ 11-13. She knew that her unlisted telephone numbers and home address were accessible to Florida law enforcement officers through the Driver and Vehicle Information Database ("DAVID"). DE 1 at ¶ 14. She contacted

---

[1] When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Accordingly, this factual background is taken from the Complaint. *See* DE 1.

1

the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") and ascertained that the individually named Defendants – Peter Chunn, Michael Connor, and Edward Glaser – "obtained, disclosed, and/or used her personal information from a motor vehicle record on the DAVID system[.]" DE 1 at ¶¶ 16-18. Chunn, Conner, and Glaser are employed by Defendant City of Port St. Lucie. DE 1 at ¶¶ 5-7.

On May 28, 2015, Plaintiff filed a Complaint against Port St. Lucie, Chunn, Connor, and Glaser.[2] *See* DE 1. The Complaint brought six claims: (I) violation of the Drivers Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq*., against all Defendants; (II) violation of her Fourth Amendment rights under 42 U.S.C. § 1983, against Port St. Lucie; (III) violation of her Fourth Amendment rights under 42 U.S.C. § 1983, against the individual Defendants; (IV) common law invasion of privacy against all Defendants; (V) common law negligent supervision against Port St. Lucie; and (VI) negligent training against Port St. Lucie.

Eventually, Plaintiff voluntarily dismissed the claims against Chunn. *See* DE 20. Port St. Lucie, Connor, and Glaser then moved to dismiss the claims against them. *See* DE 10, 15-16. On November 30, 2015, the Court partially granted the City's motion to dismiss: Count IV was dismissed with prejudice, and Counts II, V, and VI were dismissed without prejudice. *See* DE 22. Regarding Count II, the Court found that Plaintiff had failed to properly allege a basis for

---

[2] Plaintiff had previously filed a single case against over 100 defendants, including Port St. Lucie, Connor, and Glaser. *See Watts v. City of Palm Beach Gardens, et al.*, Case No. 12-cv-81406-DMM. In May 2014, the court dismissed that action without prejudice as to all defendants except for the Town of Juno Beach. *See id.* at DE 658. Plaintiff thereafter filed separate actions against the dismissed defendants, several of which are proceeding concurrently in this District. *See Watts v. City of Miami, et al.*, Case No. 1:15-cv-21271-RNS; *Watts v. Village of Biscayne Park, et al.*, Case No. 1:15-cv-21291-KMW; *Watts v. City of Miami Beach, et al.*, Case No. 1:15-cv-21292-RNS; *Watts v. Broward Cty. Sheriff, et al.*, Case No. 0:15-cv-61112-WJZ; and *Watts v. City of Hollywood, et al.*, 15-cv-61123-CMA.

2

municipal liability. *Id.* at 8. Regarding Counts V and VI, the Court found them to be overly vague and conclusory. *Id.* at 9.[3]

On December 10 2015, Plaintiff filed a First Amended Complaint containing three counts: (I) violation of the DPPA against all Defendants; (II) violation of the DPPA under color of state law against the individual defendants, pursuant to 42 U.S.C. § 1983; and (III) Florida common law negligent supervision against Port St. Lucie. *See* DE 23. Port St. Lucie has now moved to dismiss the First Amended Complaint on two grounds. *See* DE 24. First, Port St. Lucie argues that Count I "fails to even allege dates of the violations, therefore, it is impossible to determine whether the claims are barred by the statute of limitations." *Id.* at 2 ¶ 4. Second, Port St. Lucie argues that Count III fails to state a cause of action. *Id.* at 2 ¶ 5.

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the

---

[3] The Court adopted, in large part, the reasoning of Judge Cecilia M. Altonaga in a materially similar case. *See Watts v. City of Hollywood, et al.*, No. 0:15-cv-61123-CMA at DE 45.

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

### III.   ANALYSIS

**A.  Whether Plaintiff's claims should be dismissed because Plaintiff fails to allege the dates of the violations.**

Port St. Lucie argues that, because the First Amended Complaint fails to allege the dates on which the individual Defendants accessed Plaintiff's data on the DAVID system, the First Amended Complaint should be dismissed because "it is impossible for [Port St. Lucie] to determine whether such claims are barred by the four year statute of limitations[.]" DE 24 at 4. It is true that this Court has held that a DPPA cause of action accrues at the time the improper access of information occurs. *See Foudy v. City of Port St. Lucy*, Case No. 2:14-cv-14318, 2015 WL 5245223, *2-3 (S.D. Fla. Sept. 9, 2015). However, a statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Id.*

Here, given Plaintiff's failure to allege the dates of access, it is not apparent from the face of the First Amended Complaint that the claims are time-barred. The failure to allege the dates does not, alone, render the claims implausible under *Twombly*, given the other factual allegations in the First Amended Complaint. Accordingly, Port St. Lucie is not entitled to relief on this ground.

**B.  Whether Count III should be dismissed for failure to state a claim.**

"To prove a cause of action for negligent supervision under Florida law, the plaintiff must show '(1) the existence of a relationship giving rise to a legal duty to supervise; (2)

negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach.'" *Wynn v. City of Lakeland*, 727 F. Supp. 2d 1309, 1319 (M.D. Fla. 2010) (quoting *Albra v. City of Ft. Lauderdale*, 232 F. App'x 885, 888 (11th Cir. 2007)). A breach occurs only "when during the course of employment, the employer becomes aware, or should have become aware of problems with an employee that indicates his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Id.* (quoting *Dep't of Env't Prot. v. Hardy*, 907 So. 2d 655, 661 (Fla. Dist. Ct. App. 2005)); *see also Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353, 358 (Fla. Dist. Ct. App. 2001) (defendant must have had constructive or actual notice that the employee in question was unfit to work).

Port St. Lucie argues that Count III contains only conclusory allegations and "fails to allege that [Port St. Lucie's] employees were unfit for the work for which they were hired, and further fails to allege that [Port St. Lucie] had actual or constructive notice of the unfitness of any employees." DE 24 at 4. In response, Plaintiff points to the following allegations in the First Amended Complaint:

> 40. At all times relevant, the City had a duty to adequately and properly supervise its employees to prevent harm to others, including to Trooper Watts.
>
> 41. The City breached its duty by failing to adequately and properly supervise its employees to prevent harm, including harm arising from violations of the DPPA and unlawful usage of DAVID. More specifically, prior to the unlawful DAVID accesses, the City had actual or constructive knowledge that its employees were lax in following the laws regulating the use of the DAVID system, that DAVID information often is used to stalk and otherwise people, and knew that its police officers and other employees were so vocal in taking umbrage against Trooper Watts's traffic stops of law enforcement officers that a foreseeable risk of abuse of authority by City employees with access to the DAVID system would occur.
>
> 42. It was foreseeable that The City's failure to adequately and properly supervise its employees would result in the DPPA violations and unlawful DAVID accesses against Trooper Watts.

5

DE 23 at 7 ¶¶ 40-42. The Court finds that these allegations, when read in the light most favorable to the Plaintiff, are sufficient to establish that the City had constructive or actual notice that its employees were unfit. Port St. Lucie is therefore not entitled to relief on this ground.[4]

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant City of Port St. Lucie's Motion to Dismiss Plaintiff's First Amended Complaint [DE 24] is **DENIED**.

2. Defendant City of Port St. Lucie shall file an answer to the First Amended Complaint [DE 23] on or before **Monday, February 29, 2016**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 17th day of February, 2016.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[4] The Court does not reach Port St. Lucie's argument that Count III is barred by Florida's "impact rule," as that argument was made for the first time in Port St. Lucie's reply memorandum. *See* Local Rule 7.1(c) ("[R]eply memorand[a] shall be strictly limited to rebuttal of matters raised in the memorandum in opposition[.]"); *see e.g., In re Air Crash Near Rio Grande Puerto Rico on December 3, 2008*, No. 11–md–02246–KAM, 2012 WL 760885, *5 (S.D. Fla. Mar. 7, 2012) (striking arguments raised for the first time in reply memorandum). The Court notes that Port St. Lucie has also raised this argument in its pending motion for summary judgment. *See* DE 32 at 10-11 ¶ 11. Plaintiff can therefore respond to that argument in her response to that motion.